Per Curiam;
This case was referred to Trial Commissioner Mastín Gr. White with directions to make recommen *918 dations for conclusion of law on defendant’s motion to dismiss plaintiff’s petition. Tlie commissioner has done so in a report and opinion filed on August 29, 1966. Plaintiff filed a request for review by the court of the commissioner’s report and opinion and the case has been submitted to the court on the briefs of the parties without oral argument by agreement of the parties. Since the court agrees with the commissioner’s report, opinion and recommended conclusion, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case. Plaintiff is therefore not entitled to recover and the petition is dismissed.
OPINION OE COMMISSIONER*
White, Commissioner:
The plaintiff, a former member of the Army, sues for the military pay and allowances of which he was deprived in accordance with a sentence that was imposed upon him by a court-martial. The petition was filed on May 20, 1966.[1]
The defendant, without answering the allegations in. the petition, has filed a motion asking that the petition be dismissed on the ground that the plaintiff’s claim is barred by 28 U.S.C. §2501 (1964).
It is my opinion that the defendant’s motion should be allowed, and that the petition should be dismissed.
According to the allegations in the petition — which will be assumed to be correct for the purpose of passing on the defendant’s motion to dismiss — the plaintiff was, in violation of his constitutional rights, convicted by a general court-martial at Camp Shelby, Miss., on June 19,1944, of having violated Article of War 61 (41 Stat. 801), and, pursuant to the conviction, the plaintiff was sentenced to receive a dishonorable discharge from the Army, to forfeit his military pay and allowances, and to be confined at hard labor for 10 years.
*919 Article of War 61 provided that:
Any person subject to military law who fails to repair at the fixed time to the properly appointed place of duty, or goes from the same without proper leave, or absents himself from his command, guard, quarters, station, or camp without proper leave, shall be punished as a court-martial may direct.
It was provided in Article of War 45 (41 Stat. 796) that “Whenever the punishment for a crime or offense made punishable by these articles is left to the discretion of the court-martial, the punishment shall not exceed such limit or limits as the President may from time to time prescribe * * and in A Manual fob Coubts-Maetial, U.S. Armt (1928 Edition), at page 97, the President limited the maximum punishment for the most aggravated violation of Article of War 61 to a dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for 6 months. Subsequently, however, the President on November 9, 1942, by Executive Order No. 9267 (7 F.R. 9221), suspended the limitation upon punishment for violations of Article of War 61 committed after December 1,1942. Therefore, it is to be inferred that the plaintiff’s alleged offense under Article of War 61 was committed after December 1, 1942, since his court-martial sentence included confinement at hard labor for 10 years, as well as a dishonorable discharge and forfeiture of pay and allowances.
The petition does not state when the plaintiff’s military pay and allowances were actually forfeited in accordance with the sentence of the court-martial. The general rule as of 1944 was stated in Winthrop’s Military Law and Precedents (Second Edition, 1920), at page 429, to be that “Where * * * pay due is forfeited in connection with dismissal or dishonorable discharge imposed by the same sentence, the forfeiture is in general to be considered as intended to take effect simultaneously with the execution of the dismissal by which the military service of the party, and with it — regularly—his right to pay, is terminated.”
Although the petition does not give the exact date on which the plaintiff was dishonorably discharged from the Army pursuant to the court-martial sentence — and, therefore, the *920 date on which the forfeiture of the plaintiff’s military pay and allowances took effect — the petition does state that “The discharge; alone has caused petitioner heartbreak and grief for■ twenty-two years and he has been persecuted since the day ón which he received same — it in fact has ruined petitioner’s life” (emphasis supplied). Thus, it appears from the language of the petition that the plaintiff’s dishonorable discharge • from the Army — and the forfeiture of his military pay and allowances — pursuant to the court-martial sentence became effective approximately 22 years ago.
The statute of limitations applicable to this court (28 U.S.C. § 2501 (1964)) provides in part that:
Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.
Therefore, since the petition plainly indicates that the plaintiff’s claim for his back military pay and allowances first accrued approximately 22 years ago, the plaintiff has waited too long to assert his claim, and it is now time-barred without regard to its merit or lack of merit. For that reason, the petition must be dismissed.

 The opinion and recommended conclusion of law are submitted pursuant to order of tbe court under Rule 54(b). Tbe facts are stated in tbe opinion.

 Although tbe petition indicates that tbe plaintiff is now serving a prison term of 99 years in a State penitentiary and tbe petition is entitled “Petition for Writ of Habeas Corpus,” the text indicates that the plaintiff is actually seeking to obtain from this court a judgment against tbe united States for bis back military pay and allowances.